Submitted on record May 3, accused reprimanded August 1, 1974

In re Complaint as to the Conduct of

## CLARENCE BARRETT, JR., *Accused.*

524 P2d 1208

No appearances.

PER CURIAM.

The Oregon State Bar charged the accused attorney with several different kinds of unethical conduct

in his relations with two escrow services and one of their officers. The accused admitted one of the charges and denied the remainder. The trial committee found the accused guilty of the charge admitted and not guilty of the remainder of the charges. We make the same findings.

In his answer the accused alleged: "[H]e admits that he on occasion accepted referrals from Afra Ingham Van Tuyl for the preparation of real estate contracts for Key Escrow Service, Inc. and Afra Escrow Services, Inc. and did not make personal contact with either party in such transaction other than through the contact of Afra Ingham and the earnest money agreement which the parties had signed."

This conduct is in violation of Canon 5, the Conflict of Interest Canon, of the Code of Professional Conduct. Canon 5 has been the subject of several opinions of the Oregon State Bar Committee on Legal Ethics. All of these opinions considered the conduct admitted by the accused to be in violation of the Canon. The latest of these opinions, Opinion 162, approved by the Board of Governors of the Oregon State Bar in 1969, found that this conduct is unethical when:

"3. The attorney is either: (A) acting as a scrivener without truly representing either party, which has been held to be, and is hereby again held to be, unethical, or (B) attempting to represent both buyer and seller, who have, by the very nature of the transaction, conflicting interests, without obtaining the express consent of both, given after a full disclosure to both parties of the facts and of their conflicting interests."

■ We adopt this statement as a correct interpretation of Canon 5.

■ The accused fully cooperated with the bar investigating and trial committee; he admitted his conduct; and in his 19 years of practice the only complaints against him have been two concerning fees which were disposed of by letters of explanation.

The trial committee recommended that the accused be administered a public reprimand. We concur in the trial committee's recommendation and this opinion shall serve as the reprimand.